UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-318-FDW

| WILLIAM ANSTON NEAL, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| H.A. HARTLEY, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

First, as to Plaintiff's Application to Proceed in Forma Pauperis, Plaintiff's inmate trust account statement shows that as of June 16, 2014, Plaintiff had $45.24 in his inmate trust account. See (Doc. No. 4). The Court finds that Plaintiff has insufficient funds with which to pay the filing fee, and the Court, therefore, grants Plaintiff's Application to Proceed in Forma Pauperis.

### I.  BACKGROUND

Plaintiff is a state court inmate currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, after having his state parole revoked based on a violation of his parole conditions. The North Carolina Department of Public Safety website indicates that Plaintiff had been released on parole after being convicted in Union County of larceny over $1000.00 and assault on a female, with the parole period commencing on November 24, 2013.

Plaintiff filed this action on June 16, 2014, naming as Defendants "H.A. Hartley," identified in the Complaint as the hearing officer for Plaintiff's parole revocation hearing; Allen Hughes, identified in the Complaint as Plaintiff's parole officer; and Eddie Cathey, identified as the Union County Sheriff.

In this action, filed under 42 U.S.C. § 1983, Plaintiff is challenging the revocation of his release on parole. He alleges that Defendants violated his due process rights during the parole violation hearing held on February 28, 2014, based on, among other things, his allegations his parole officer Hughes lied about Plaintiff's violation of parole, that Plaintiff was not allowed to testify at the hearing; that Plaintiff was denied court-appointed counsel for the hearing; and because Plaintiff was denied the right to have his mother testify at his hearing. (Doc. No. 1 at 7-8).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such

as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff has not alleged in his Complaint that his underlying adjudication regarding his parole revocation has been reversed or otherwise invalidated. Therefore, his claims are barred by Heck. Accord Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (holding that where success in a § 1983 action would imply the invalidity of a decision to revoke parole that has not been otherwise rendered invalid, the action is Heck-barred).

## IV. CONCLUSION

In sum, for the reasons stated above, the Court dismisses this action without prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

2. This action is **DISMISSED** without prejudice.

3. The Clerk is directed to close this case.

Signed: July 16, 2014

Frank D. Whitney
Chief United States District Judge